UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
FEB - 4 2010
Clerk, U.S. District and
Bankruptcy Courts

GARY WILLIAM HOLT,            )
                              )
         Plaintiff,           )
                              )
    v.                        )    Civil Action No. 10-0010 (UNA)
                              )
INTERNAL REVENUE SERVICE, *et al.*,  )
                              )
         Defendants.          )

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's motion for relief from the Court's Order, filed on January 6, 2010, requiring plaintiff to provide a certified copy of his prison trust fund account statement. Under the Prison Litigation Reform Act ("PLRA"), a prisoner "seeking to bring a civil action . . . without prepayment of fees or security therefore . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Plaintiff argues that the PLRA does not apply. According to plaintiff, "[t]he fact that he happens to be a prisoner has no bearing on his entitlement to proceed *in forma pauperis* on equal footing with any other citizen filing the same action." Pl.'s Mot. at 2. Plaintiff is mistaken. Although the Court may permit a party to proceed *in forma pauperis*, that is, without prepayment of the filing fee, *see* 28 U.S.C. § 1915(a), a prisoner who brings a civil action *in forma pauperis* "shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). By statute, the Court "shall assess and,

when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee" from a prisoner who brings a civil action in district court, 28 U.S.C. § 1915(b)(1), regardless of whether the action proceeds, as here, under the Freedom of Information Act, *see* 5 U.S.C. § 552, and the Privacy Act, *see* 5 U.S.C. § 552a.

Accordingly, the Court will deny plaintiff's motion for relief from the January 6, 2010 Order, and will dismiss this action without prejudice for plaintiff's failure to comply with the requirements of the Prison Litigation Reform Act. An Order accompanies this Memorandum Opinion.

_____
United States District Judge

DATE: Jan. 27, 2010